UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

GLORIA STONE,

      Plaintiff,                      DEMAND FOR JURY TRIAL

-vs-                                        Case No.
                                              Hon.

SOUTHFIELD QUALITY CARS II, INC.  and
CREDIT ACCEPTANCE CORPORATION,

      Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1.    This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2.    As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3.    The Plaintiff to this lawsuit is Gloria Stone who resides in Detroit, Michigan in Wayne County.

4. The Defendants to this lawsuit are as follows:

   a. SOUTHFIELD QUALITY CARS II, INC. ("SOUTHFIELD QUALITY CARS II") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. CREDIT ACCEPTANCE CORPORATION ("CREDIT ACCEPTANCE CORPORATION"), which is a corporation doing business in Michigan, and whose resident agent, CHARLES A PEARCE, maintains its office at 25505 W TWELVE MILE RD STE 3000, SOUTHFIELD, Mi 48034.

5. At all relevant times SOUTHFIELD QUALITY CARS II -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. SOUTHFIELD QUALITY CARS II is a creditor under TILA, 15 U.S.C. § 1602(f) and regulation Z § 226.2(a)(17).

7. Under M.C.L. § 492.114a and the terms of the contract at issue, CREDIT ACCEPTANCE CORPORATION is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Ms. Stone.

## VENUE

8. The transactions and occurrences which give rise to this action occurred in Oakland County.

9. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. On or about June 24, 2010, Plaintiff executed a purchase and finance agreement known as a retail installment contract with SOUTHFIELD QUALITY CARS II for a 2007 Chevrolet Equinox, VIN 2CNDL63F176114114 ("the vehicle").

11. The retail installment contract is currently held by CREDIT ACCEPTANCE CORPORATION .

12. Before executing the retail installment contract, SOUTHFIELD QUALITY CARS II made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

   a. That the actual mileage on the odometer was 49,431;

   b. That the cash price of the vehicle was less than $15,000.00;

   c. That, as a condition of financing, Plaintiff had to pay $200.00 directly to SOUTHFIELD QUALITY CARS II for liability insurance;

   d. That, as a condition of financing, Plaintiff had to purchase GAP insurance;

   e. That, as a condition of financing, Plaintiff had to purchase a third party service contract; and

   f. That SOUTHFIELD QUALITY CARS II was the titleholder to the vehicle when it sold the vehicle to Plaintiff.

13. Before executing the purchase agreement, SOUTHFIELD QUALITY CARS II made the following specific representations which constituted express warranties:

   a. That the actual mileage on the odometer was 49,431;

   b. That the cash price of the vehicle was less than $15,000.00;

   c. That, as a condition of financing, Plaintiff had to pay $200.00 directly to SOUTHFIELD QUALITY CARS II for liability insurance;

   d. That, as a condition of financing, Plaintiff had to purchase GAP insurance;

   e. That, as a condition of financing, Plaintiff had to purchase a third party service contract; and

   f. That SOUTHFIELD QUALITY CARS II was the titleholder to the vehicle when it sold the vehicle to Plaintiff.

14. The vehicle did not meet SOUTHFIELD QUALITY CARS II's specific representations which constituted express warranties.

15. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 et seq.

16. Since the date of purchase the Plaintiff has learned that the vehicle had in excess of 80,000 miles on it.

17. Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Ms. Stone

18. The value of the vehicle as delivered to Ms. Stone was less than the value as warranted.

19. Ms. Stone properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring SOUTHFIELD QUALITY CARS II to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

## COUNT I -- Truth In Lending Act

### (ALL DEFENDANTS)

20. Ms. Stone incorporates the preceding allegations by reference.

21. SOUTHFIELD QUALITY CARS II failed to accurately disclose the cash price of the vehicle.

22. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

23. SOUTHFIELD QUALITY CARS II improperly itemized a charge in the amount of $1,380.00 for a third party service contract as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

24. SOUTHFIELD QUALITY CARS II improperly itemized a charge in the amount of $394.00 for a third as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

25. SOUTHFIELD QUALITY CARS II failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

26. SOUTHFIELD QUALITY CARS II failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

27. As a consequence of failing to accurately state the actual finance charge, SOUTHFIELD QUALITY CARS II also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

28. SOUTHFIELD QUALITY CARS II failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

29. SOUTHFIELD QUALITY CARS II is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT II -- Federal Odometer Act

### (ALL DEFENDANTS)

30. Ms. Stone incorporates the preceding allegations by reference.

31. By failing to provide Ms. Stone with a legal and conforming odometer disclosure at the time of sale, Southfield Quality Cars Ii has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

32. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

33. The odometer statement presented to Ms. Stone did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Ms. Stone.

34. SOUTHFIELD QUALITY CARS II knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Ms. Stone Instead of providing the disclosure SOUTHFIELD QUALITY CARS II forged the signature of Ms. Stone on the odometer disclosure required by 49 U.S.C. §§32701-32711.

35. SOUTHFIELD QUALITY CARS II, with intent to defraud, failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

36. Upon information and belief, SOUTHFIELD QUALITY CARS II rolled back or otherwise tampered with the odometer before selling the vehicle to Ms. Stone .

### **COUNT  III   --  Magnuson-Moss Warranty Act**

### **(ALL DEFENDANTS)**

37. Ms. Stone incorporates the preceding allegations by reference.

38. Stone is a consumer as defined in 15 U.S.C. §2301(3).

39. SOUTHFIELD QUALITY CARS II is a supplier and warrantor as defined in 15 U.S.C. §2301(4)(5).

40. At the time SOUTHFIELD QUALITY CARS II sold the vehicle to Ms. Stone , SOUTHFIELD QUALITY CARS II also sold a service contract to Ms. Stone .

41. The predominant purpose of the transaction in which SOUTHFIELD QUALITY CARS II sold the vehicle and service contract to Ms. Stone was one for sale of goods, namely a car.

42. SOUTHFIELD QUALITY CARS II was a party to the contract in which the vehicle and the service contract were sold to Ms. Stone .

43. The provision of a service contract by SOUTHFIELD QUALITY CARS II served as a basis for Ms. Stone's confidence in the vehicle and its reliability.

44. The provision of a service contract by SOUTHFIELD QUALITY CARS II served as a basis for the bargain between Ms. Stone and SOUTHFIELD QUALITY CARS II in the transaction in which the vehicle was purchased.

45. SOUTHFIELD QUALITY CARS II has attempted to disclaim the implied warranties of fitness and merchantability where it has sold a service contract within 90 days of the sale of the vehicle.

46. SOUTHFIELD QUALITY CARS II's attempts to disclaim the implied warranties of fitness and merchantability where it has sold a service contract within 90 days of the sale of the vehicle violates 15 U.S.C. §2308.

47. As a seller of motor vehicles, SOUTHFIELD QUALITY CARS II was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

48. Under the buyers guide rule, SOUTHFIELD QUALITY CARS II was required to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Stone's .

49. SOUTHFIELD QUALITY CARS II failed to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Stone's , thereby violating the buyers guide rule.

50. In the FTC buyers guide, SOUTHFIELD QUALITY CARS II affirmatively stated that it was giving no warranties.

51. Under the buyers guide rule, 16 C.F.R. §455.4, SOUTHFIELD QUALITY CARS II may not make any oral representations contrary to the final terms incorporated into the buyer's guide.

52. The oral representations made by SOUTHFIELD QUALITY CARS II are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

53. Under 15 U.S.C. §2301(a)(1), SOUTHFIELD QUALITY CARS II, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

54. SOUTHFIELD QUALITY CARS II has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

55. Ms. Stone has suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

56. Ms. Stone suffers continuing damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

### COUNT IV -- Michigan Odometer Act (ALL DEFENDANTS)

57. Ms. Stone incorporates the preceding allegations by reference.

58. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

59. The odometer statement presented to Ms. Stone did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Ms. Stone.

60. SOUTHFIELD QUALITY CARS II knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Ms. Stone.

61. SOUTHFIELD QUALITY CARS II knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Ms. Stone.

62. SOUTHFIELD QUALITY CARS II forged the signature of Ms. Stone on the odometer disclosure required by M.C.L. §257.233a.

63. SOUTHFIELD QUALITY CARS II failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

**COUNT V -- Violation of Michigan Consumer Protection Act (ALL DEFENDANTS)**

64. Ms. Stone incorporates the preceding allegations by reference.

65. SOUTHFIELD QUALITY CARS II is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

66. SOUTHFIELD QUALITY CARS II has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. § 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

    e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

    g. Representing that a part, replacement, or repair service is needed when it is not.

h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t. Causing coercion and duress as the result of the time and nature of a sales presentation.

u. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

67. Ms. Stone has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

68. Ms. Stone suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

### **COUNT VI -- Misrepresentation**

### **(ALL DEFENDANTS)**

69. Ms. Stone incorporates the preceding allegations by reference.

70. The material representations were intended to induce the reliance of Ms. Stone.

71. The material representations did induce the reasonable reliance of Ms. Stone.

72. SOUTHFIELD QUALITY CARS II made the material representations with actual knowledge of their falsity.

73. SOUTHFIELD QUALITY CARS II made the material representations with reckless disregard to their truth or falsity.

74. SOUTHFIELD QUALITY CARS II made the material representations even though it should have known that they were false.

75. These actions constitute a misrepresentation upon Ms. Stone by SOUTHFIELD QUALITY CARS II.

76. Ms. Stone has suffered damages as a result of this misrepresentation.

77. As a result of this misrepresentation, Ms. Stone suffers continuing damages.

## COUNT VII -- Breach of Contract

## (ALL DEFENDANTS)

78. Ms. Stone incorporates the preceding allegations by reference.

79. SOUTHFIELD QUALITY CARS II's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

80. The failure of SOUTHFIELD QUALITY CARS II to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

81. Ms. Stone has suffered damages as a result of this breach of contract.

82. Ms. Stone suffers continuing damages as a result of this breach of contract.

## COUNT VIII -- Breach of Warranties

## (ALL DEFENDANTS)

83. Ms. Stone incorporates the preceding allegations by reference.

84. SOUTHFIELD QUALITY CARS II has breached its warranty of merchantability.

85. SOUTHFIELD QUALITY CARS II has breached its warranty of fitness for intended purpose.

86. Ms. Stone has suffered damages as a result of these breaches of warranty.

87. Ms. Stone suffers continuing damages as a result of these breaches of warranty.

## COUNT IX -- UCC Revocation of Acceptance

## (ALL DEFENDANTS)

88. Ms. Stone incorporates the preceding allegations by reference.

89. The nonconformity of the vehicle could not have been reasonably discovered by Ms. Stone at the time SOUTHFIELD QUALITY CARS II tendered delivery.

90. Ms. Stone would not have accepted the vehicle had Stone known that the vehicle was nonconforming.

91. SOUTHFIELD QUALITY CARS II has not made its tender of delivery conforming.

92. Ms. Stone sent notice of revocation within a commercially reasonable time.

93. Ms. Stone has suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

94. Ms. Stone suffers continuing damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

## **COUNT X — Motor Vehicle Sales Finance Act**

### **(ALL DEFENDANTS)**

95. Ms. Stone incorporates the preceding allegations by reference.

96. This claim is brought under the Michigan Motor Vehicle Sales Finance Act, M.C.L. §492.101 *et seq*, which will be referred to as the MVSFA throughout the remained of this complaint.

97. SOUTHFIELD QUALITY CARS II failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 et seq.

98. Ms. Stone have suffered the damages set forth above by reason of the SOUTHFIELD QUALITY CARS II's violations of the MVSFA.

### **COUNT XI — Motor Vehicle Installment Sales Contract Act**

### **(ALL DEFENDANTS)**

99. Ms. Stone incorporates the preceding allegations by reference.

100. This claim is brought under the Michigan Motor Installment Sales Contract Act, M.C.L. § 566.301 *et seq*, which will be referred to as the MVISCA throughout the remainder of this complaint.

101. Ms. Stone suffered damages in the amount of the finance charge imposed.

### **COUNT XII — Motor Vehicle Code Violations**

### **(ALL DEFENDANTS)**

102. Ms. Stone incorporates the preceding allegations by reference.

103. SOUTHFIELD QUALITY CARS II failed to apply for title within 15 days of delivering the vehicle to Ms. Stone as required by M.C.L. §257.235.

104. SOUTHFIELD QUALITY CARS II's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

105. Ms. Stone may void the contract of sale as a result SOUTHFIELD QUALITY CARS II's violation of the Motor Vehicle Code.

### **COUNT XIII — Motor Vehicle Sales Finance Act**

### **(CREDIT ACCEPTANCE CORPORATION )**

106. Ms. Stone incorporates the preceding allegations by reference.

107. Under M.C.L. § 492.114a, CREDIT ACCEPTANCE CORPORATION is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Ms. Stone.

**JURY DEMAND**

108. Gloria Stone demands a jury trial in this case.

**REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

a. *Assume jurisdiction over this case including all supplemental claims.*

b. *Award actual damages.*

c. *Award treble damages.*

d. *Award statutory and punitive damages.*

e. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    s/ Adam G. Taub
                  Adam G. Taub (P48703)
                  Attorney for Gloria Stone
                  18930 West 10 Mile Rd. Suite 2500
                  Southfield, MI 48075
                  Phone: (248) 746-3790
                  Email: adamgtaub@clgplc.net

Dated: August 13, 2010